### In re CURTIS et al.

District Court, S. D. New York.
April 7, 1933.

830

David W. Kahn, of New York City, for receiver.

Shaine & Weinrib, of New York City, for W. D. Moore & Co.

FRANK J. COLEMAN, District Judge.

The receiver whose accounting is sought was appointed for a bankrupt firm of stock-brokers with assets of more than $1,500,000, and upon the confirmation of a composition he was directed to pay 75 per cent. of the claims in cash and to turn over the remaining assets to a liquidating corporation as trustee for the creditors. He paid the cash dividend and turned over to the liquidating corporation certain assets, including a large amount of securities and a cash balance of about $150,000. His administration of the estate included the sale of many securities and the receipt of numerous dividends, and involved a multiplicity of rather large and complicated transactions.

He has never accounted to any one. The order confirming the composition directed that, after the payment of the cash dividend to the creditors and the transfer of the remaining assets to the liquidating corporation, the receiver file with the clerk of the court a report showing compliance with the order together with his vouchers. Thereafter the receiver, without notice to any one, presented a petition to the court alleging compliance with the order of confirmation, but without attaching any vouchers, and he procured an ex parte order discharging him and cancel-ing his bond. It is this order which is sought to be vacated.

■ Certainly there should have been an accounting. An officer of the court who re-ceives as a fiduciary so large an estate and performs so many complicated transactions in the administration of it should not be dis-charged without a full and complete account-ing for the benefit of any one directly in-terested. The order of confirmation did not relieve the receiver from that obligation by merely directing him to file a report of com-pliance, and if soon thereafter any one in a position to do so had applied to the court, an accounting would unquestionably have been ordered. The composition was not one where each creditor could know immediately whether he had received all that he was en-titled to. An essential element in the plan was that the large balance of assets after the payment of the cash dividend be turned over to the liquidating corporation for the benefit of the creditors, and they could not tell whether they were obtaining all the ben-efits agreed to and ordered, unless there was an accounting by the receiver. Furthermore, the ex parte discharge was ineffective to cut off that right.

■ The liquidating corporation makes the present motion, and it is the entity directly interested as trustee for the creditors. The bankrupts have parted with all title to the assets, and such as have not been distributed are payable to the liquidating corporation as trustee.

■ The most serious question is whether laches do not bar the present application. The receiver was appointed on September 1, 1928; the order confirming the composition was made on March 1, 1929; the receiver had turned over to the liquidating corporation the bulk of the assets remaining after the cash dividend before January 1, 1930; and the ex parte discharge was obtained on Septem-ber 4, 1930. The present motion for an ac-counting was not made until February 8, 1933. It appears, however, that the receiver or his agents had caused a loss of $13,790 to the estate in 1929 by selling certain securi-ties which the estate did not possess and by purchasing an equal amount at an advanced price in order to cover the sale. This pur-chase was made with the funds of the estate and without obtaining any authorization from the court. Indeed, it seems as though the loss were deliberately concealed because no disclosure was ever made to the court and the ex parte discharge was obtained without reference to it. The creditors and the liq-uidating corporation had no adequate knowl-edge of it until September, 1931, and the re-ceiver was notified of their objection to it on March 18, 1932.

Almost from the date of the order of confirmation the liquidating corporation had been striving unsuccessfully to obtain from the receiver or his accountants detailed information as to the amount of the assets which the receiver was under a duty to turn over. At first the receiver promised an accounting, which he never gave, but on the contrary, failed to co-operate in efforts to ascertain the actual facts. The liquidating corporation repeatedly demanded the data necessary for an audit, and on one occasion threatened to apply to the court for assistance, but without much result.

The delay in making the present application is open to criticism, but it does not constitute such laches as would bar the relief, in view of the continued and fruitless efforts to obtain the information from the receiver. Nothing herein is to be construed as a reflection on his integrity, but his failure to disclose the loss and his subsequent evasions of the liquidating company's prolonged efforts to audit his books should not be the means of defeating this application.

Motion granted. Settle order.